484 P.2d 730

Andrew SMESTAD, Plaintiff-Respondent,

v.

Ruth SMESTAD, Defendant-Appellant.

No. 10769.

Supreme Court of Idaho.

April 29, 1971.

**182**

Alexanderson, Davis & Rainey, Caldwell, for defendant-appellant.

Smith, Miller & Weston, Caldwell, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from a judgment of divorce rendered by the district court. The principal issues raised by the appeal are: (1) whether the trial court had jurisdiction of the subject matter or res, viz., the divorce (a significant factor in determining this question is whether or not Mr. Smestad, plaintiff-respondent, was an Idaho resident for six weeks prior to the commencement of the suit); [1] (2) whether the trial court had the power to make awards of personal property belonging to the par-

ties when such property was located outside the State of Idaho; (3) whether there was sufficient evidence presented at trial to warrant the legal conclusion of extreme cruelty.

The pertinent facts surrounding this appeal are as follows. Andrew Smestad, presently age 82, and Ruth Smestad, presently age 58, were married in Las Vegas on October 2, 1963. The couple then resided in Arizona. Several times during the course of the marriage Mr. Smestad made trips to North Dakota in order to look after his property. In September, 1969, Mr. Smestad told Mrs. Smestad he was going up to North Dakota and would be gone "a week or ten days." However Mr. Smestad never did return to Arizona, but instead, after visiting his farm in North Dakota, went to Weiser, Idaho, to see his daughter. Mr. Smestad arrived in Idaho about *September 29, 1969.* On *November 18, 1969,* Mrs. Smestad telephoned Mr. Smestad at Weiser and asked him when he was coming home and was informed that he "don't know," was "not sure," hadn't "made up [his] mind yet." On *December 13, 1969,* Mrs. Smestad called him again at Weiser (because the mortgage payment was due) and she was informed by him that he was "not coming home."

On *December 17, 1969,* Mr. Smestad filed a complaint in district court for divorce on the grounds of extreme cruelty. The record indicates that Mrs. Smestad was personally served in the State of Arizona and she came to Idaho and litigated on the merits. In support of his allegations Mr. Smestad testified that Mrs. Smestad was never up for breakfast and that she often fixed T. V. dinners in the evening. The couple slept in separate bedrooms and this upset Mr. Smestad. He also objected to the wife's purchase of items for which she had no use, viz., a bicycle and a typewriter. The testimony furthermore discloses that

1. I.C. § 32–701 states as follows:
   "32–701. Residence required by plaintiff.—A divorce must not be granted unless the plaintiff has been a resident of the state for six (6) full weeks next preceding the commencement of the action."

the wife would never tell the husband the number of times she previously was married.

The district court granted Mr. Smestad (plaintiff-respondent) a divorce on the grounds of extreme cruelty and Mrs. Smestad (defendant-appellant) has appealed to the Supreme Court on the three grounds enumerated at the beginning of this opinion.

The Court will consider each of these issues in order. In the State of Idaho a divorce is not to be granted unless the plaintiff has been a resident of the state for six full weeks prior to the commencement of the lawsuit.[2] In order to decide the first point raised by the appellant, a definition of the term "resident" is required in addition to an analysis of the actions taken by Mr. Smestad. To constitute a residence within the meaning of the statute there must be a habitation or abode in a particular place for the required time, and an intention to remain there permanently or indefinitely. Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950 (1950); 21 A.L.R. 2d 1159. The record in the case at bar indicates that Mr. Smestad arrived in the State of Idaho on or about September 29, 1969, and informed his wife in December of that year that he "was not coming home." Based on this evidence, the trial court found that the plaintiff actually resided within the State of Idaho for at least six weeks prior to the date upon which suit was commenced (December 17, 1969) and that domicile had been established. The trial court's determination is based on substantial and competent evidence and it will not be disturbed

on appeal. Howay v. Howay, 74 Idaho 492, 264 P.2d 691 (1953); Brammer v. Brammer, 93 Idaho 671, 471 P.2d 58 (1970).

Mrs. Smestad next objects to the awards of personal property made by the trial court since it is her position that the Idaho court was without power to make such awards when the property is located outside the state. In support of her position, appellant relies on the fact that she was not served personally within the State of Idaho and that at all times during the trial she challenged the jurisdiction of the court. A perusal of the record in this case indicates that Mrs. Smestad made the following objection during trial: "[T]his Court, has no jurisdiction of the parties, and no jurisdiction of the property." The Court has already considered the wife's objection respecting jurisdiction over the subject matter, i. e., the marital status of the parties, and decided that in view of the facts disclosed by the record, Mr. Smestad did in fact reside in Idaho for at least six weeks prior to the commencement of suit and had the necessary intent to make Idaho his permanent home or domicile. Thus the district court correctly entertained jurisdiction of the lawsuit.[3]

With respect to the objections raised concerning lack of *in personam jurisdiction,* this Court has no alternative but to hold that regardless of her announced "intent" not to submit herself to the *in personam jurisdiction* of the trial court, Mrs. Smestad nevertheless by her conduct[4] did submit herself to personal jurisdiction. Miller v. Prout, 33 Idaho 709, 197 P. 1023 (1921); Pittenger v. Al. G. Barnes Circus,

2. See F.N. 1.

3. However we wish to emphasize that the objection to the in rem jurisdiction of the trial court was *not* waived by the defendant-appellant (wife) even though she submitted an answer and litigated on the merits and may be considered on appeal. The wife raised an objection to the in rem (jurisdiction over subject matter) jurisdiction of the trial court and entered a "special appearance" for the purpose

of having the trial court rule on the question of subject matter jurisdiction. The wife however failed to present evidence (affidavits, depositions, etc.) supporting her contention and the trial court granted a motion made by the husband to strike the special appearance.

4. Viz., filing an answer; litigating on the merits; cross-examining witnesses and appearing as a witness.

39 Idaho 807, 230 P. 1011 (1924); I.R.C.P. 4(i).[5]

Mrs. Smestad, after receiving an adverse ruling on the question of *in rem jurisdiction*, had two alternatives, viz., (1) leave the court at this point and possibly suffer a default judgment. She could then raise the question of presence or absence of *in rem jurisdiction* on appeal; (2) litigate on the merits (as she did in fact do) and thus subject herself to *in personam jurisdiction*. Although she has waived her objection to the *in personam jurisdiction* of the trial court by litigating on the merits, her objection respecting *in rem jurisdiction* is still reviewable by an appellate court. Mrs. Smestad in fact originally appeared for the sole and exclusive purpose of having the trial court determine whether it had jurisdiction to grant the divorce. However, as heretofore stated, Mrs. Smestad then took steps by which she subjected herself to the full *in personam jurisdiction* of the trial court. See United States v. Balanovski, 236 F.2d 298 (2d Cir. 1956).

> "[I]f a defendant attacks jurisdiction at the same time he defends on the merits, he does not waive any objection to the court's quasi-in-rem jurisdiction." 5 Wright and Miller, Federal Practice and Procedure § 1396, p. 874.

5. I.R.C.P. 4(i) states:
 "Rule 4(i). Voluntary appearance.— The voluntary appearance of a party or the service of any pleading by him is equivalent to personal service of the summons and a copy of the complaint upon him."

6. I.R.C.P. 12(b) states:
 "Rule 12(b). How defenses and objections presented.—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party, (8) another action pending between the

These authorities endorse the modern procedure[6] of allowing a party to litigate on the merits without waiving objections he may have to the *in rem jurisdiction* of the court. In the case at bar, since Mrs. Smestad waived *any* objections to personal jurisdiction by participating in a trial on the merits, any awards of personal property owned by either of the parties was proper from a jurisdictional point of view.

■ Addressing the last point raised by appellant, viz., sufficiency of the evidence to sustain a finding of "extreme cruelty," this Supreme Court has stated that "extreme cruelty is a term of relative meaning." DeCloedt v. DeCloedt, 24 Idaho 277 at 291, 133 P. 664 at 669 (1913). It has been held on numerous occasions that this Court will not disturb findings of the trial court where there is sufficient substantial and competent evidence to support them and such findings are not clearly against the weight of the evidence. Brammer v. Brammer, *supra*; Howay v. Howay, *supra*. This Court finds no abuse of discretion in the trial court's finding.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.

same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, in an action in district court, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportuniy to present all material made pertinent to such a motion by rule 56."