504 P.2d 404

Carl A. BEZOLD, Plaintiff-Respondent,

v.

Dorothy BEZOLD, Defendant-Appellant.

No. 10854.

Supreme Court of Idaho.

Dec. 15, 1972.

Robert F. McLaughlin, John R. Sellman, Mt. Home, for defendant-appellant.

Francis H. Hicks, Mt. Home, Fred Kennedy, Boise, for plaintiff-respondent.

BAKES, Justice.

Carl A. Bezold, the plaintiff in the divorce action below and respondent on appeal, and Dorothy Bezold, defendant and appellant, were married in 1959 at McVeytown, Pennsylvania. There were two children born as issue of said marriage. A third child was conceived and born to appellant in 1967 while respondent was in Viet Nam, and the appellant wife acknowledged that respondent was not the father and said child is not involved in this action.

Respondent is a member of the United States Air Force, and he was transferred to Mountain Home Air Force Base in January, 1968, where he and appellant lived as a family in military housing on the air base. In the fall of 1969 marital difficulties ensued and appellant wife left the marital home on the Mountain Home Air Force Base, took all three children with her, and moved into an apartment in Mountain Home. The respondent at all times pertinent to this action continued to live at the marital home within the confines of the air base. Subsequent to an unsuccessful period of reconciliation, respondent husband filed an action for divorce on the 20th day of January, 1970. On June 17, 1970, the district court granted each of the parties a divorce from the other, made a property division and awarded respondent husband the temporary custody of the two minor children of the parties, subject to visitation rights of appellant. On September 23, 1970, the district court denied appellant wife's motion for change of custody and entered a final order awarding respond-

ent husband custody of his two children, subject to visitation rights in the appellant during specified periods of the year.

Appellant raises the following issues on appeal: (1) whether a member of the armed forces stationed in Idaho can satisfy the residency requirement of I.C. § 32–701 by living in Idaho for the six week period (respondent had actually resided over two years at the Montain Home Air Force Base) while serving as a member of the armed forces; (2) whether it is error to grant a divorce when there is evidence of condonation and recrimination committed by each party; and (3) whether it is error to award the custody of minor children to a father without an express finding that the mother is unfit.

In Hawkins v. Winstead, 65 Idaho 12, 138 P.2d 972 (1943), this Court held that a member of the armed forces could establish a residence in the State of Idaho upon satisfying the statutory six week residency requirement, even though he had been transferred here under military orders and was subject to retransfer out of the State of Idaho. The later case of Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950 (1950), did not change the rule in the Hawkins v. Winstead, *supra,* case. In *Hampshire,* the plaintiff serviceman, who was originally from Oregon, failed to establish that he had been physically present in the State of Idaho for six weeks immediately prior to the filing of his complaint, and therefore the Court determined that he had not complied with the residency requirement of I.C. § 32–701. The most recent statement of the rule is found in the case of Smestad v. Smestad, 94 Idaho 181, 484 P.2d 730 (1971), wherein this Court stated regarding the residency requirement of I.C. § 32–701:

"To constitute a residence within the meaning of the statute there must be a habitation or abode in a particular place for the required time, and an intention . to remain there *permanently or indefinitely.*" 484 P.2d 730, at 732. (Emphasis supplied).

In this case the trial court entered a finding that both parties "are, and for more than six weeks immediately preceding the commencement of this action have been, residents of the State of Idaho." The record clearly indicates respondent husband's physical presence in Idaho for more than six weeks immediately preceding the filing of the complaint, and further indicates respondent's intention to remain in Idaho indefinitely and as long as permitted to do so by the Air Force. The trial court's determination on this issue was based on substantial and competent evidence and it will not be disturbed on appeal. Smestad v. Smestad, *supra.*

The second issue raised regarding the defenses of condonation and recrimination will not be considered by the Court, as both parties waived those defenses in the trial court as shown by the following reference to the reporter's transcript:

"THE COURT: Do I understand that neither party is urging condonation or recrimination?

"MR. McLAUGHLIN (appellant's attorney): The Court has that figured right." (Rptr.Tr. p. 95, lines 14–16).

It is a rule of long standing in this Court that issues not raised or presented in the trial court cannot be preseted to the Supreme Court on appeal. Oregon Shortline R. R. Co. v. City of Chubbuck, 93 Idaho 815, 474 P.2d 244 (1970); Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968); Smith v. Shinn, 82 Idaho 141, 350 P.2d 348 (1960).

The final issue before the Court is whether it was error to award custody of the two minor sons to the father without an express finding that the mother is unfit. While a review of the record indicates that there was evidence from which the trial court could have made such a finding, the rule recently propounded in the case of Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756 (1969), does not require a trial court to specifically find unfitness on

a mother's part to deny her custody. The court stated at p. 46, 454 P.2d at p. 760:

"We may concede generally that children of tender ages, *all other considerations being equal,* are best reared by their mother. [Citing cases]. However, where it is in the best interest and welfare of the children, an award of custody to the father is not unwarranted. [Citing cases]."

The governing principle is the best interest and welfare of the children, not the unfitness of the mother. The trial court's finding that it would be in the best interests and welfare of the children for them to be in the custody of their father, granting as it did liberal visitation rights in the mother, was justified under the evidence. The granting of custody to either parent rests in the discretion of the trial court, and in an absence of an abuse of that discretion the finding will not be disturbed on appeal. Tomlinson v. Tomlinson, *supra*; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91 (1956); Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323 (1948). No express finding of unfitness on the part of appellant was necessary.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.