514 P.2d 498

**Joan OLSZTYN, Appellant,**

v.

**Stanley R. OLSZTYN, Appellee.**

**Nos. I CA–CIV 1874, I CA–CIV 2140.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 2, 1973.

Rehearing Denied Nov. 6, 1973.

Flynn, Kimerer, Thinnes & Galbraith, by John J. Flynn, Richard L. Parrish, Clark L. Derrick, Phoenix, for appellant.

Shimmel, Hill & Bishop, P. C., by Merton E. Marks, Richard B. Johnson, Phoenix, for appellee.

## OPINION

EUBANK, Presiding Judge.

These two appeals, 1 CA–CIV 1874 and 1 CA–CIV 2140, were consolidated on appeal since both cases arise from the same divorce action and concern the same parties. The trial was bifurcated by stipulation of the parties and consent of the trial court. 1 CA–CIV 1874 involved the issue of child custody, while 1 CA–CIV 2140 involved the issues of divorce and alimony.[1] We will consider each appeal separately.

### 1 CA–CIV 1874

This appeal by the appellant-wife is from an amended judgment filed on Sep-

1. This matter is determined on the basis of the law as it existed prior to August 8, 1973.

tember 27, 1971, granting the appellee-husband custody of their three minor children in a divorce action.

The question for review is stated by appellant as follows:

"SHOULD THE TRIAL COURT HAVE AWARDED CUSTODY OF THREE MINOR CHILDREN, AGES 9½, 8 AND 6½, TO APPELLEE-FATHER AFTER A FINDING THAT APPELLANT-MOTHER WAS NOT AN UNFIT PERSON TO HAVE THE CARE, CUSTODY AND CONTROL OF THE MINOR CHILDREN?"

Appellant contends that the trial court erred in applying A.R.S. § 14–846 to the facts in this case. Section 14–846 reads:

"A. In awarding custody of a minor, or in appointing a general guardian, the court shall be guided by the best interest of the child in respect to its temporal, mental and moral welfare. If the child is of sufficient age to form an intelligent preference, the court may consider that preference.

"B. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father."

The appellee alleged in his counterclaim for divorce that the appellant was an unfit mother. The trial court found as a fact that appellant was fit; therefore, appellant argues that under A.R.S. § 14–846, subsec. B., "other things being equal", she is entitled to have custody of their three children of tender years, by virtue of the statute. We disagree and affirm the judgment granting custody of the children to the appellee.

The trial court answered the contention of the appellant in its judgment by a clear analysis of A.R.S. § 14–846, subsec. B., which we adopt. The court said:

"Under Section 14–846, A.R.S., neither parent is entitled to custody as of right, but other things being equal, if the children are of tender years, custody shall be given to the mother. If the children are of an age requiring education and preparation for labor or business, custody shall be given the father.

"Whether 'other things' are equal is a question of fact, the most important aspect of which is whether both parents are fit and proper persons to have custody. If neither parent is found to be unfit, and if the welfare of the children does not clearly demand otherwise, 'other things' are equal and the policy declared by the statute should be followed. 'Other things', however, are not equal in this case.

"The evidence presented to the court shows that the welfare of the children clearly demands that their custody be placed with the defendant, [appellee-father] subject, however, to full visitorial rights of the plaintiff [appellant-mother].

"In reaching this conclusion, the court has not considered lightly those qualifications for parenthood and capacities for parental affection which are possessed by plaintiff; neither has it overlooked the desirable effect which her affection and companionship can have upon the minor children; nor, indeed, is the court unaware of her sincere desire for custody of the minor children.

"In the final analysis, it is the welfare of the children which is of paramount importance. The evidence in this case demonstrates that such can be best served by placing legal custody of the children with the defendant with the full right of reasonable visitation with the plaintiff."

This statement is a fair summary of what our Supreme Court said in Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), cited as authority by both parties. In

Ward, the court said in referring to A.R.S. § 14–846:

"Of course, the statutory preference in favor of the father on these facts is limited by the phrase—'other things being equal'. Whether 'other things' are equal is a question of fact, the most important aspect of which is whether both parents are fit and proper persons to have custody of the child. That is, if neither parent is found to be unfit, *and if the walfare (sic) of the child does not clearly demand otherwise,* 'other things' are equal, and the policy declared by the statute should be adhered to. See the well-reasoned opinions in Bemis v. Bemis, 89 Cal.App.2d 80, 200 P.2d 84, and Juri v. Juri, 69 Cal.App.2d 773, 160 P.2d 73, decided under a California statutory provision identical to our own. Cal.Civ. Code, § 138(2). This brings us to the final question presented by this appeal: the fitness of defendant.

"At the outset we are faced by the contention that a finding of the father's unfitness in the original action must be presumed from the fact that the court, in issuing the divorce decree without making findings of fact, placed the child in his mother's custody. No such presumption is called for. Since the boy was at that time six years of age ('of tender years'), and since the statute calls for custody in the mother under such circumstances—'other things being equal'— the only presumption which can arise against the father from the decree is that 'other things' were equal, i.e., that the father was no *more fit* than the mother. (emphasis in original). As the Texas Court of Civil Appeals said, in Green v. White, Tex.Civ.App., 203 S.W. 2d 960:

'* * * The award of custody must necessarily include an adjudication that the parent to whom custody was awarded was a fit and suitable person to have such custody, but it does not necessarily adjudicate that the parent to whom custody was not awarded was

a fit or unfit person to have such custody. * * *' 203 S.W.2d 962." (Emphasis added). 88 Ariz. at 138, 353 P.2d at 901.

*See also* Orezza v. Ramirez, 19 Ariz.App. 405, 507 P.2d 1017 (1973); Bezold v. Bezold, 95 Idaho 131, 504 P.2d 404 (1972).

Appellant maintains however that the Arizona Supreme Court has answered the question raised here in her favor in Dunbar v. Dunbar, 102 Ariz. 352, 429 P.2d 949 (1967). In Dunbar the trial court found that both parents were fit and proper persons and awarded custody of the child to both of them. The Supreme Court found this order of custody to be "ambiguous" and concluded that "other things" *were* equal and therefore the trial court was required to give custody to the mother. Besides the difference in the trial court orders in the case at bar and Dunbar, it is clear that we have a different factual situation here than in Dunbar. In this case the trial court made it patently clear that although it considered the appellant "fit", it found that "other things" were not equal because it considered that the appellee was more "fit" and that the "best interest of the child" required custody to be placed with the father. On the basis of such a finding by the trial court neither Dunbar nor Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965), also cited by the appellant, requires us to reach a contrary conclusion.

We have reviewed the extensive record and find ample and substantial evidence to support the trial court's determination that the best interests of the children demand that their custody be placed with their father, with visitation rights in the mother.

The amended judgment is affirmed.

### 1 CA–CIV 2140

■ It is the appellant-wife's position in this appeal that the trial court abused its discretion in refusing to award her alimony and costs. The general rule in Arizona is that where a divorce is granted to the

husband as a result of the wrongful conduct of the wife, she need not be awarded permanent alimony. Henning v. Henning, 89 Ariz. 330, 362 P.2d 124 (1961); McFadden v. McFadden, 22 Ariz. 246, 196 P. 452 (1921); Davis v. Davis, 18 Ariz.App. 13, 499 P.2d 744 (1972). The application of this rule lies within the sound discretion of the trial court. Santa Maria v. Santa Maria, 18 Ariz.App. 313, 501 P.2d 582 (1972).

The appellant cites extensive authority from other jurisdictions for the proposition that comparative guilt is only one factor to be considered in determining alimony, and that the fault of the wife, standing alone, should not provide a basis for allowing the husband to "escape the obligation of support he assumed and which he would be compelled to discharge if a divorce were denied."

■ Comparative guilt, however, is not in issue here since the trial court specifically found that the appellee-husband "properly conducted himself as a husband toward the plaintiff", while the appellant-wife was "guilty of excesses, cruel treatment, and outrages toward the defendant (husband) rendering continuation of the marriage impossible". The record discloses sufficient evidence in support of these findings. Burkhardt v. Burkhardt, 109 Ariz. 419, 510 P.2d 735 (1973).

■ The decree of divorce awarded plaintiff-wife as both single sum alimony and her share of the community property, the family residence with an equity value to her of $12,000; the household furnishings valued at $13,500; and an automobile valued at $1,500. Further, the husband was required to pay the appellant a total of $7,000 attorneys' fees, and in addition she was granted $1,200 per month child support pending determination of this appeal. The defendant husband received a $10,000 lien against the home; his professional books and materials valued at $2,500, and other investments of approximately $4,500 in value. Each party was to bear his and her respective costs.

The trial court found, and the record supports the finding, that the husband's net average monthly compensation as a medical doctor was $2,800.03. The court also found that the wife was 32 years of age, an able-bodied woman in good health with the degree of Bachelor of Music Education; that she was an experienced professional entertainer and a qualified music teacher, who was capable of obtaining gainful employment and of earning at least $205 per week as an entertainer in the Phoenix area to support herself adequately.

This was not a simple divorce case. The one thousand three hundred and five pages of trial transcript are rife with allegations and cross-allegations as to the worst forms of marital misconduct. Every issue was hotly contested and both parties were represented by most competent counsel. Based upon the trial court's findings that the wife was capable of supporting herself, and that she was the moving force in the destruction of the marriage, all supported by the evidence, we are of the opinion that the trial court did not abuse its discretion in not awarding her permanent alimony.

Finally, the appellant argues that she is entitled to her court costs. She contends that the husband's pursuit of this action to trial was unnecessary and unreasonable, and that the extra expense she sustained was due to this decision. Consequently, the added burden should reasonably be placed on him. Since appellee's position was vindicated in the trial court and here, we cannot agree that his actions were "unreasonable" or "unnecessary" when the contrary is true.

■■ The purpose of Arizona's policy awarding the wife suit costs and attorneys' fees in divorce actions is to insure that the wife may have the means to litigate her action free of the husband's hold on the family finances. Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893 (1963). It is axiomatic that the allowance of such costs and fees is discretionary with the trial court, and the trial judge may draw upon his own knowledge and experience in de-

termining reasonable costs. Davis v. Davis, supra.

 In view of the sum of $7,000 in attorneys' fees granted the wife, the finding of her ability to obtain gainful employment, and the absence of any showing that she was in fact prejudiced by lack of funds in the pursuit of her litigation, we see no abuse of discretion in the trial court's order on costs.

Judgment is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.