659 P.2d 663

In re the Marriage of Clarice J. COUNTRYMAN, Petitioner/Appellee and Cross-Appellant,

v.

Richard L. COUNTRYMAN, Respondent/Appellant and Cross-Appellee.

No. 1 CA–CIV 5350.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 10, 1983.

Preston, Flick & Coker by William R. Preston, Jr., Flagstaff, for petitioner/appellee and cross-appellant.

Jerry L. Smith and Robert L. Greer, Flagstaff, for respondent/appellant and cross-appellee.

## OPINION

GRANT, Judge.

This opinion is in response to a statement of costs filed in this appeal which included a request for attorney's fees. Normally, such requests are disposed of by non-published orders of this court. However, in the opinion of the court, the issue raised under A.R.S. § 25–324, allowing payment of costs and attorney's fees in a dissolution case, is sufficiently important to justify an opinion.

In an unpublished memorandum decision filed October 26, 1982, this court affirmed the trial court's award of spousal maintenance and attorney's fees to the wife, appellee/cross-appellant. On November 3, 1982, the wife filed her statement of costs, requesting $2,760.00 in attorney's fees and $51.00 in costs for expenses incurred in defending the appeal. The wife did not include in her request the time attributed to the cross-appeal, which time totaled $480.00.

The husband objected to the statement of costs, raising two issues for our consideration. The husband's first objec-

tion is that A.R.S. § 25–324 requires the court to consider the financial resources of both parties before ordering the payment of attorney's fees. At the very least, argues the husband, an evidentiary hearing is required to determine whether the taxation of costs should be remanded to the superior court for determination. The husband reaches this conclusion because he states that this court did not consider the respective parties' abilities to finance this appeal and there has been no showing that the wife is unable to pay her attorney's fees.

A.R.S. § 25–324 provides as follows:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal.

We first note that nothing in this statute restricts "the court" to the trial court. This provision focuses on the relative ability of the parties to pay for costs incurred in dissolution proceedings, including the costs of appeal. It does not require the party requesting attorney's fees to have prevailed on appeal. The statute is designed to ensure that the poorer party has the proper means to litigate the action. *See Matter of Gubser,* 126 Ariz. 303, 614 P.2d 845 (1980); *Olsztyn v. Olsztyn,* 20 Ariz.App. 545, 514 P.2d 498 (1973); *Reich v. Reich,* 13 Ariz. App. 98, 474 P.2d 457 (1970).

We realize that in some situations an appellate court may not be aware of the financial resources of both parties and thus it would be impossible for the court to award attorney's fees since the financial resources of both parties must be considered. In this case, however, we have knowledge of the financial resources of both parties since we had to examine evidence in the record relating to spousal

maintenance and property distribution issues in order to affirm the trial court on these matters. In our memorandum decision, we examined the evidence presented at trial which indicated that the husband was employed by the state with a salary of approximately $21,000.00 a year, that he received a retirement benefit check of approximately $736.00 a month, and that he is the sole heir to his father's estate and expects to receive approximately $80,000.00 from the estate. The evidence further showed that the wife was unemployable due to medical problems and that she had no income of her own.

From the foregoing it is apparent that the record before this court is sufficient to enable us to consider the financial resources of both parties, as required by A.R.S. § 25–324. We shall assume that this financial information with respect to the parties' resources and their ability to pay attorney's fees is not stale in the absence of advice to the contrary by timely filed affidavits containing updated information. Additionally, we note that this court is in a better position to judge the reasonableness of the fees incurred on appeal than is the trial court.

An award of attorney's fees and costs by this court is supported by the comment to rule 21(c), Rules of Civil Appellate Procedure. That comment states that when attorney's fees are recoverable by statute or contract, a claim for such fees incurred in the prosecution or defense of an appeal can be addressed to the appellate court in which

the matter is finally determined.[1] Of course, any determination of legal fees which requires an evidentiary hearing would be remanded to the superior court. Due to the information in the record, this is not necessary in this case, however. The wife has submitted a thorough statement of costs, and the husband has not questioned the reasonableness of these expenses.

The second issue raised is whether the existence of a cross-appeal should somehow prevent the wife from obtaining her attorney's fees. The husband claims that he has a potential claim for attorney's fees and costs for responding to the cross-appeal. The husband's ability to obtain a judgment for such expenses appears unlikely considering the relative financial positions of the parties. In any event, he failed to make a claim for attorney's fees and costs. We hold that the cross-appeal does not preclude the wife's recovery of attorney's fees and costs incurred in defending this appeal.

For the foregoing reasons, the wife is awarded $2,760.00 in attorney's fees and $51.00 in costs.

EUBANK and MEYERSON, JJ., concur.

---

1. The comment cites *Cocke v. Transamerica Title Ins. Co.,* 16 Ariz.App. 556, 494 P.2d 756 (1972) in which this court stated that while "[N]ormally ... the trial court, having the facilities to make factual determinations, is the proper forum to determine the reasonableness of attorney's fees on appeal," the appellate court can and will make such determination when furnished with detailed information in support of a claim for attorney's fees on appeal. *Id.* at 564, 494 P.2d at 764. *See Lawrence v. Valley National Bank,* 106 Ariz. 455, 478 P.2d 79 (1970); *Douglas v. Vancouver Plywood Co.,* 16 Ariz.App. 364, 493 P.2d 531 (1972).