430 P.2d 98

James L. CLEMENTS, Plaintiff-Appellant,

v.

Barbara L. CLEMENTS, Defendant-Respondent.

No. 9832.

Supreme Court of Idaho.

July 18, 1967.

------◆------

Stephen Bistline, Sandpoint, for appellant.

Miller & Knudson, Coeur d'Alene, for appellee.

SPEAR, Justice.

After nearly twenty years of a marriage from which four children were born, the appellant commenced a divorce action in the district court in Bonner County, alleging extreme cruelty as grounds therefor. He additionally sought custody of the four children, claiming the respondent wife was not a fit and proper person to have the care, custody and education of any of the minor children. To this the respondent cross-complained for a divorce on the grounds of extreme cruelty, and sought custody of the two youngest children only. She also prayed for an award of $350.00 per month for support of herself and the two minor children.

Following a trial on these issues the trial judge made the following findings of fact pertinent to this appeal:

(1) That the plaintiff is not entitled to a divorce under his allegations, but that the defendant is entitled to a divorce upon the grounds of extreme cruelty as alleged in her cross-complaint.

(2) That the parties have four children, being James, who is emancipated; Cheryl, aged 17, living with the plaintiff; and Robert L. and Beth Ann, aged 9 and 6

respectively, who are with the defendant. *That the plaintiff is best suited and able to care for Cheryl and should be awarded her custody. That the defendant is best suited and able to care for Robert and Beth Ann and should be awarded their custody.* (emphasis supplied)

(7) That the plaintiff is an able-bodied man capable of earning in excess of $8,-000.00 per annum, and that the plaintiff shall pay unto the defendant the sum of $250.00 per month, commencing on the 21st day of June, 1965, for the support of said defendant and the two minor children in her custody until such time as the defendant has recovered from her spinal fusion and is able to seek gainful employment, at which time and thereafter the plaintiff shall pay defendant the sum of $75.00 per month as and for the support and maintenance for each minor child in her custody until each child becomes emancipated.

Based on these findings, the court also entered the following pertinent conclusions of law:

(1) That the defendant should be granted a divorce from the plaintiff on the grounds of extreme cruelty.

(2) That the custody of Cheryl be awarded to plaintiff and the custody of Robert L. and Beth Ann to the defendant.

In the decree entered by the trial judge on June 1, 1965 the respondent was awarded a divorce on the grounds of extreme cruelty; custody of the oldest girl, Cheryl, still a minor, was awarded appellant father; the respondent was awarded custody of the two younger children, Robert L. and Beth Ann, "subject to the right of plaintiff to visit Robert L. and Beth Ann between the hours of 9:00 a. m. and 7:00 p. m. every second Saturday of each month"; the community property was awarded to the parties in accordance with the property settlement agreement previously made by the parties, and appellant was ordered to pay the respondent the sum of $250.00 per month for support of the respondent and the two minor children whose custody had been granted to her "until such time as

defendant's recuperation is complete, at which time and thereafter the plaintiff will pay to the defendant the sum of $75.00 per month as and for the support and maintenance of each minor child in her custody until each child becomes emancipated."

From this decree this appeal was taken, and on July 8, 1966 the parties filed with the supreme court a "Memorandum of a Stipulation" in which the parties narrowed the issues for appeal to the following three basic questions: (1) custody of the two youngest minor children of the parties; (2) the temporary alimony award to the respondent; and (3) whether appellant should have been awarded the divorce rather than the respondent. The stipulation further provided that it was the understanding and agreement of the parties that the judgment of the trial court was divisible, that the only matters to be considered on the appeal were the three set forth, and the portion of the judgment or decree relative to division of the community property was not being appealed from and was not to be disturbed.

From appellant's eleven assignments of error, it appears his principal contention is that the evidence adduced at the trial was insufficient to support the previously quoted findings of fact and conclusions of law of the trial court and that, in fact, the evidence is so overwhelmingly in favor of the opposite result, this court must reverse the decision of the trial court. As is usual, in contested divorce actions, there is much conflicting evidence in the record in support of the allegations and contentions of the respective parties, and no useful purpose would be served by quoting the same in this opinion. Suffice it to say, there is ample, substantial and competent evidence in the record to support the findings of fact and conclusions of law to which appellant has objected and from which he has appealed. Under such circumstances this court will not disturb the findings of fact, conclusions of law, and judgment made and entered by the trial court. Olsen v. Hawkins, 90 Idaho 28,

408 P.2d 462; Jackson v. Blue Flame Gas Company, 90 Idaho 393, 412 P.2d 418; Meridian Bowling Lanes, Inc. v. Brown, 90 Idaho 403, 412 P.2d 586; Veach v. Veach, 87 Idaho 237, 392 P.2d 425; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788; Parks v. Parks, 91 Idaho 420, 422 P.2d 618.

Secondly, appellant challenges certain of the court's findings as totally inadequate, contending such findings comprise no more than an ultimate conclusion by the court, and furthermore appellant contends the court failed to find on other issues presented and necessary for the court's decision.

The purpose of required findings of fact and conclusions of law is to aid the appellate court by affording it a clear understanding of the basis of the decision of the trial court. The absence of findings may be disregarded by the appellate court if the record is so clear that the court does not need their aid for a complete understanding of the issues. Call v. Marler, 89 Idaho 120, 403 P.2d 588. Additionally, the findings objected to by appellant are findings of *ultimate* facts, as found by the court, essential to support the decree or judgment rendered; and it is not necessary for a trial court to enumerate the evidentiary facts on which the finding of extreme cruelty is based. Angleton v. Angleton, supra; 53 Am.Jur., Trial, § 1131, pp. 785–86; Bentley v. Kasiska, 49 Idaho 416, 288 P. 897.

It must be noted that at the time of the trial the two younger children, Robert L. and Beth Ann, were nine and six years of age respectively. This court has held, other factors being equal, the mother is to be preferred as the custodian of a child of tender years. McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403. Also see Irwin v. Irwin, 416 P.2d 853 (Okl.1966).

Awards for child custody and support are both within the discretion of the trial court, and in absence of a showing of abuse of such discretion such awards should be approved on appeal. Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67. This principle includes the rights of visitation by the other parent.

Also the trial court is given a broad discretion in granting or denying an award of alimony, and such an award granted by the trial court will not be disturbed in the absence of a clear abuse of discretion. Loveland v. Loveland, supra; Bader v. Bader, 18 Utah 2d 407, 424 P.2d 150 (1967).

For these reasons we consider appellant's contentions without merit. Judgment affirmed. Costs to respondent, including $500.00 attorney's fees for this appeal.

SMITH, McQUADE and McFADDEN, JJ., and DONALDSON, D. J., concur.