477 P.2d 841

Louis William RIENER, Plaintiff-
Respondent,

v.

Rita Marie RIENER (Meacham),
Defendant-Appellant.

No. 10643.

Supreme Court of Idaho.

Dec. 11, 1970.

Daniel A. Quinlan, Lewiston, for defendant-appellant.

W. C. MacGregor, Jr., William J. Dee, Grangeville, for plaintiff-respondent.

SHEPARD, Justice.

The parties hereto were previously married and were divorced by decree of the District Court for the Second Judicial District, Nez Perce County, Idaho, on May 29, 1968. The decree of divorce was entered following a default hearing wherein both parties were represented by counsel. At the outset of said proceedings, the Court stated:

"The Court: This is the matter of Louis William Riener vs. Rita Marie Riener, Nez Perce County case No. 17304 and counsel in chambers have entered into a stipulation in behalf of their clients which at this time the Court will ask the reporter to read back and ask the parties to listen carefully to the reading of this stipulation.

"Mr. Rapich: * * * Mrs. Riener, this stipulation is an agreement which we worked out along the lines that I already discussed with you and we have put it on the record and the court's going to have the reporter read it. If there is any part of this you don't understand or object to, you raise it with the court. Are you clear on this?

"Mrs. Riener: Yes.

*    *    *    *    *    *

"Mr. Rapich: May I Your Honor? Mrs. Riener, is there anything in this stipulation that you don't understand?

"Mrs. Riener: I guess I understand it.

*    *    *    *    *    *

"Mr. Worden: Is that the agreement that we had then in the jury room?

"Mr. Riener: Yes, it is, it's the agreement that we had."

The stipulation which is also contained in the record provides in pertinent part:

"The defendant is to keep the residence of the children within a direct line radius of 150 miles of Lewiston, Idaho, and she is not to move the children further except by written permission of the plaintiff or by order of the Court duly granted on Motion and Notice with attorney to the plaintiff to state his objections; *and, further, that the plaintiff is not to permit Hulbert Meacham to be in the presence of the children, and, if such occurs, it is grounds to modify as regards custody*; * * *." [Emphasis added]

Thereafter the testimony of the defendant-mother was taken and a decree of divorce entered by the Court which incorporated the same provision regarding Hulbert Meacham, to-wit:

"* * * Further, that the defendant is not to permit Hulbert Meacham to be in the presence of the children, and if such occurs, it is grounds to modify as regards custody."

Following the divorce, the defendant-mother removed herself and the two minor daughters to Spokane, Washington. The trial court found as a matter of fact that the defendant had associated with said Meacham prior to the time of the divorce of the parties herein and that she had openly lived with him while she was still married to the plaintiff herein. The court further found that she continued such conduct after the divorce and while she was living in Spokane; that said Meacham had, during that period of time, mistreated said children; and that the defendant and Meacham were married on the 17th day of July, 1969, in Clarkston, Washington.

During the time that defendant was living in Spokane, Washington, plaintiff brought an action in the Superior Court of Spokane County, State of Washington, to modify the divorce decree and secure custody of the children. On March 11, 1969,

the Washington Court denied plaintiff's petition for change of custody.

In July, 1969, plaintiff, pursuant to his visitation rights, brought the children into the State of Idaho, and on July 23, 1969, filed a motion for an order to show cause in the District Court in Nez Perce County in which he sought to modify the original decree as it pertained to the custody of the children. Following a hearing, the District Court, Nez Perce County, Idaho, found that there had been a substantial, material, and permanent change of conditions and circumstances of the parties and decreed that the best interests of the children required a change in the children's custody from the mother to the father. From that order this appeal is taken.

Defendant-appellant makes numerous assignments of error urging that the permanent, material and substantial change of circumstances must relate to the period of time following the entry of the decree of the Washington Court; that the Court erred in finding that appellant lived with Meacham openly on several occasions while she was married to the plaintiff-respondent and that she continued such conduct following the divorce; that the Court erred in not awarding attorney's fees and costs to the appellant-mother in defending against the petition for modification of the divorce decree.

Defendant-appellant urges for the first time here that the District Court should have taken cognizance of and recognized the decrees and orders of sister states, that our sister state of Washington had jurisdiction of the parties and the subject matter, and that said decree is binding upon the courts in Idaho. Such was not the argument which was made at the trial court level at the time of the hearing on the motion to modify the divorce decree. Counsel for plaintiff-respondent objected to any reference to the judgment or findings of the Washington Court. Counsel for defendant-appellant did not urge at the hearing that the Idaho Court was bound by the Washington decree and in fact indicat-

ed. that the Court was not bound by the Washington decision.[1]

This Court will not under such circumstances hear appellant to complain of an alleged error made in the trial court in not giving due respect to the orders and decrees of the court of a sister state. In any event, it is clear that since the marriage of the defendant-appellant to Meacham took place following the decree of the Washington Court, there has been a substantial, material and probably permanent change of condition.

Defendant-appellant argues that the burden was on the respondent herein to prove her unfitness to have the custody of her children and that the only substantial change of circumstance shown is that she is now married to Meacham. Appellant argues that the law favors marriage and fosters it as in the public interest and that such marriage should not be grounds upon which to change the custody of the children.

■ ■ The trial court found as facts that Hulbert Meacham was a man of "questionable" character. He is 22 years older than defendant-appellant, has been in much trouble with the police over small crimes for many years, that he plays childish pranks on police and law enforcement officers, and has a sadistic sense of humor. That during the time that defendant-appellant lived in Spokane prior to her last marriage, Meacham abused the children and "that Hulbert Meacham, the present husband of the defendant, is not a fit and proper person to be associated in the home

and with the raising, caring and bringing up of the small minor children of the parties hereto." We deem it highly significant that no error is assigned in any of the above findings of the trial court regarding Meacham. Consequently, such findings are binding upon this Court. It is sufficient to say that there was more than adequate testimony regarding the character of Meacham which wholly substantiated the findings of the trial court.

In contrast, the trial court found that plaintiff-respondent has remarried, that his now wife has four small minor children, and that all six children live together in an adequate home, are happy and well cared for. The trial court further found that the plaintiff is a fit and proper person to have the custody of the two minor children. It is further significant that no assignment of error is made from the findings of the trial court regarding the fitness of the plaintiff-respondent. We deem it further significant that the trial court felt it necessary in its order changing custody and awarding visitation rights to the mother to further order that the visitation of the mother with the children should in no event be in the presence of Hulbert Meacham, and that he should not be allowed to associate with or be in the presence of the minor children. No error is assigned in such finding of the District Court.

Defendant-appellant argues that all other considerations being equal, a child of tender age or a girl of even more mature years can and will be reared, trained and cared for best by her mother and that

---

1. "As a matter of fact, as long as counsel has given a statement, maybe the Court will permit me to make one. This thing has been drug over here for a day and a half in the Spokane court. *I realize this Court is not bound at all by the Washington decision,* except to point out to the court that a day and a half was spent in Court.

  *   *   *   *   *

"Mr. Quinlan: Your Honor, as a matter of fact, that Court [Washington] did recognize the judgment. It was permitted —that Court [Washington] took cognizance of the fact that there was a judg-

ment in this court [Idaho], was handed down by this court [Idaho], which in effect declared that this woman was not to have this man, Mr. Meacham, in the presence of these children. That court took that into consideration. That was one of the findings, as a matter of fact, considered that. But that court arrived at a different conclusion. *I'm not saying this court is bound at all by the Washington court.* I'm just trying to point out, as a matter of fact, this matter has been thrashed over in another court * * *." [Emphasis added]

courts should not deprive the mother of custody unless it is shown clearly that *she* is so unfit a person as to endanger the child's welfare. Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243. Appellant further argues that the unfitness shown in a change of custody must be that of the mother and that the only unfitness shown here was that of the now stepfather. We suggest that such an argument ignores the paramount interest which must be that custody of minor children is controlled by the welfare of such children, Cornelison v. Cornelison, 53 Idaho 266, 23 P.2d 252; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, and would further require the trial court and this Court to close their eyes to the realities of life. *See* Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756.

The defendant-appellant herein chose to ignore the original divorce decree which was entered by the Court, in part at least, on the basis of the stipulation of the parties. It is obvious to this Court that all persons, including defendant-appellant, at the time of the default hearing and entry of the divorce decree recognized the inadvisability of the association of such children with Meacham. She cannot now be heard to complain when she, of her own volition, violated that portion of the decree and made such violation permanent by marrying Meacham.

Since this decision is rendered on the issue of the best interests and welfare of the children by breaking off their association with Meacham, we are not required, nor is it advisable, to pass upon the assignment of error set forth by defendant-appellant regarding the testimony as to her association with Meacham prior to the decree of divorce. Nor do we consider defendant-appellant's assignment of error relating to the failure of the trial court to allow her to inquire as to the actions and character of plaintiff-respondent herein prior to the decree of divorce. As hereinabove stated, the Court in its findings of fact concluded that plaintiff-respondent and his present wife are fit and proper persons to have custody of the said children and no assignment of error is taken therefrom.

The order of the District Court taking the custody of the minor children from their mother and placing the custody in their father is hereby and in all respects affirmed. We note, however, that in the course of the proceedings defendant-appellant moved the Court for an order requiring plaintiff-respondent to pay the attorney's fees of defendant-appellant incurred in defending against the motion for change of custody. No order of the District Court was entered, either specifically allowing or denying attorney's fees to defendant-appellant. The cause is remanded to the District Court for the sole purpose of consideration of the allowance of attorney's fees. No costs allowed.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.