511 P.2d 819

Martha Ruby MAST, now known as Martha Ruby Brood, Respondent to Writ of Habeas Corpus-Appellant,

v.

John Taylor MAST, Father and Guardian of Toni Anne Mast, a minor, Petitioner-Respondent.

No. 11225.

Supreme Court of Idaho.

July 3, 1973.

D. Blair Clark, Anderson, Kaufman, Anderson & Ringert, Boise, for Respondent to Writ of Habeas Corpus-appellant.

Terrance Roy White, Weeks & Yost, Nampa, for petitioner-respondent.

DONALDSON, Chief Justice.

This is an appeal by Martha Ruby Mast, now known as Martha Ruby Brood, from a judgment in a habeas corpus proceeding ordering her to return her minor daughter, Toni Anne, to the custody of her former husband, John Taylor Mast. Martha Brood and her present husband, Arlie Brood, are residents of Nampa, Idaho. John Mast and his present wife, Mildred, are residents of Medford, Oregon.

John Mast and Martha Mast, now Martha Brood, were divorced in Oregon in 1964. During the seventeen years of their marriage, four children were born: Martha Georgann, Sharon Jeane, Merry Adine, and Toni Anne, the subject of this proceeding. At the time of the divorce, the oldest daughter, Martha Georgann, specifically requested that her custody be awarded to her mother. John Mast, the plaintiff

in the divorce action, was given custody of the three youngest daughters. The original decree of divorce awarded Martha visitation rights with the three daughters who were in John Mast's custody, provided that the children were not brought into contact with Arlie Brood, Martha's present husband. The divorce decree was modified to delete this provision when Martha and Arlie were married.

In 1967, the divorce decree was again modified to give Martha Brood custody of Merry Adine. Merry's custody was transferred to her mother because her father could not control her. Martha Georgann is now married. Merry Adine is attending college and is apparently now on good terms with her father and stepmother. Toni, who is now approximately sixteen years of age, went to Nampa to visit her mother in the summer of 1972. During that summer, she expressed her intention to remain with her mother in Idaho, rather than return to her father in Medford, Oregon. After learning that Toni intended to remain in Nampa with her mother, John Mast petitioned the Idaho Third Judicial District Court for a writ of habeas corpus, demanding that Toni be returned to his custody. On August 22, 1972, the writ issued. Prior to the hearing in this matter, Toni enrolled in high school in Nampa.

In her return on the writ of habeas corpus, Martha Brood alleged that her circumstances and the circumstances of her former husband had changed substantially since the original decree of divorce was entered, and that it was in the best interests of the child, Toni Anne Mast, that her custody be transferred from her father to Martha Brood.

Mrs. Brood also brought a separate civil action to obtain custody of Toni. It was stipulated that the habeas corpus proceeding should be conducted as though all issues were raised for modification of the original divorce decree. Pursuant to this stipulation, a hearing was held on September 11, 1972. At the hearing, evidence was introduced regarding both the circumstances of the original action for divorce and the present circumstances of both parties.

John Mast testified that since his remarriage, his family life had generally been happy, that he owned a comfortable home in Medford, that he was employed by the Medford school system, and that, on the whole, Toni's relationship with him and his present wife had been good. He also testified that for short periods after Toni returned from visits with her mother, she was argumentative, uncooperative, and disrespectful. John Mast's present wife, Mildred, testified that she believed that she and Toni had a generally good relationship and that they had shared family activities such as sewing and shopping.

Toni's two older sisters, each of whom had lived in the Brood household when she was approximately Toni's age, strongly expressed their opinion that Toni would be better off with her father. They testified that when they were living with the Broods, they were given little supervision, and were occasionally left alone for days at a time. They testified to fairly heavy drinking of alcoholic beverages by the Broods, and each stated that when she was living in the Brood household, she had been offered alcoholic beverages. Martha Georgann Jones, Toni's older sister, testified that at a party at the Broods' house the night before the hearing, she had seen Martha and Arlie offer alcoholic beverages to the then fifteen-year-old Toni. The two older sisters offered other testimony regarding the Broods which tended to cast doubt on the suitability of their household as a home for a teenaged girl.

Martha Brood testified that she was distraught at the time of her divorce from John Mast, but that her circumstances had substantially changed for the better since 1964. She testified that she desired to obtain custody of Toni, and that she was able to provide Toni with a good home and with proper supervision and attention. Mrs. Brood further testified that Toni was not happy living with her father and that Toni made the decision to stay in Idaho of her own free will. Arlie Brood testified that

he approved of Toni's desire to stay with her mother in Nampa and that he felt that Toni's relationship with him and Martha was a good one. Several family friends of Martha and Arlie Brood testified that they believed Martha to be a fit and proper mother, that they felt Toni had a good relationship with Martha and Arlie and that the Brood household was a wholesome environment for a girl of Toni's age. These witnesses also testified that they had not seen the Broods offer alcoholic beverages to Toni. Martha and Arlie Brood both testified that, while they had given Toni an occasional "sip of beer," she had never been offered anything stronger.

Toni testified that she preferred to stay with her mother in Nampa, giving as her reasons difficulties in her relationships with her father and stepmother, and her greater happiness and independence in Nampa.

The district judge found, *inter alia*, that the present home life of Martha and Arlie Brood was not suitable for Toni, that alcoholic beverages had been made available to her, that the supervision and discipline exercised over Toni during her visits to her mother were inadequate, and that this was contrary to Toni's best interests. He found that the lack of supervision and discipline that Toni experienced at her mother's home had caused her to become alienated to some extent from her father and his way of life. He further found that the environment provided by John Mast and his present wife continued to be best for Toni, and that the circumstances of the parties had not changed materially since the entry of the original decree of divorce. The district court also found that Toni's desire to stay with her mother was motivated by the lack of proper supervision and control that she experienced in her mother's home. Subsequently, the court entered a judgment ordering that Toni be returned immediately to John Mast's custody, subject to reasonable visitation rights with Martha Brood.

Appellant Martha Brood makes twenty-one assignments of error. Several of those assignments of error are based on various findings of fact made by the district court. It is not necessary to discuss those assignments of error in detail. An examination of the record discloses that the allegedly erroneous findings of the district court are based on substantial and competent, although, in some instances, conflicting, evidence, and they will not be disturbed on appeal. Clements v. Clements, 91 Idaho 732, 734, 430 P.2d 98 (1967).

Mrs. Brood contends that the district court erred in failing to consider, and give weight to, the testimony of the witnesses in her behalf who testified that she was a fit and proper person to have custody of Toni. It is apparent from the record that the witnesses to whom Mrs. Brood refers were, for the most part, only casually acquainted with Toni. The weight to be given their testimony was within the province of the district judge. Ivie v. Peck, 94 Idaho 625, 626–627, 495 P.2d 1110 (1972). It must be remembered that the district court had the opportunity to observe the demeanor of the witnesses before it and to judge their credibility. Johnson v. Sweeney, 91 Idaho 805, 808, 430 P.2d 883 (1967).

Mrs. Brood also contends that the district court erred in failing to give sufficient weight to the desires of the minor child, Toni, regarding the parent with whom she preferred to live. This Court has emphasized that the personal desires of the parent and even the wishes of a minor child, must yield to the paramount consideration of what is best for the child's ultimate good. Tomlinson v. Tomlinson, 93 Idaho 42, 46, 454 P.2d 756 (1969); Larkin v. Larkin, 85 Idaho 610, 615, 382 P.2d 784 (1963). *See also* Riener v. Riener, 93 Idaho 900, 477 P.2d 841 (1970); Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); Bryant v. Bryant, 92 Idaho 76, 437 P.2d 29 (1968). *See generally* Note, Paternal Custody of Minor Children in Idaho, 8 Idaho L.Rev. 345 (1972).

There may be no modification of a divorce decree granting custody of a minor child to one of the parties, unless it be

**540**

shown to the satisfaction of the court that there has been a material permanent and substantial change in the circumstances of the parties which warrants modification for the best interests of the child. Tomlinson v. Tomlinson, *supra*, 93 Idaho at 47, 454 P.2d at 761; Bryant v. Bryant, *supra*, 92 Idaho at 79, 437 P.2d at 31; Dawson v. Dawson, 90 Idaho 234, 237, 409 P.2d 434 (1965); Rogich v. Rogich, 78 Idaho 156, 161, 299 P.2d 91 (1956).

In a child custody case, this Court will not attempt to substitute its judgment for that of the district court except in cases where the record reveals an abuse of discretion. Bezold v. Bezold, 95 Idaho 131, 504 P.2d 404, 406 (1972); Tomlinson v. Tomlinson, *supra*, 93 Idaho at 43, 454 P.2d at 757; Saviers v. Saviers, *supra*, 92 Idaho at 123, 438 P.2d at 274; Clements v. Clements, *supra*, 91 Idaho at 735, 430 P.2d at 101. In this case, we find no abuse of discretion on the part of the district court. We have examined appellant's other assignments of error and find them to be without merit.

Judgment affirmed. Costs to petitioner-respondent.

SHEPARD, McQUADE, McFADDEN, and BAKES, JJ., concur.