523 P.2d 36

**Craig D. STRAIN, Plaintiff-Respondent,**

v.

**Helen Hope STRAIN, Defendant-Appellant.**

No. 11476.

Supreme Court of Idaho.
June 10, 1974.

Kidwell & Heiser, Boise, for defendant-appellant.

Voshell & Wright, Idaho Falls, for plaintiff-respondent.

McQUADE, Justice.

This action arises out of a petition to modify a divorce decree. In 1965, the plaintiff-respondent, Craig Dalton Strain, obtained a divorce from the defendant-appellant, Helen Hope Strain, and the divorce decree vested custody of the two children born during the marriage in the appellant. Since the divorce, the appellant has maintained a home and supported herself and the children.

The custody dispute involves the older child, Stephanie, who was born on February 14, 1959, and is now fifteen years old. During the 1972–1973 school year, Stephanie lived with the respondent.

In July, 1973, the appellant brought an action against the respondent under the Uniform Reciprocal Enforcement of Support Act seeking $1,180 of child support that was in arrears and seeking to increase the monthly child support payment. In August, 1973, the respondent filed a petition to modify the divorce decree to grant him custody of Stephanie. The two actions were consolidated, and before the hearing the parties entered into a settlement agreement concerning the past-due child support. A hearing was held on the issue of Stephanie's custody, and the trial court ordered that custody be transferred from the appellant to the respondent. This appeal is from that order.

Questions of child custody are within the discretion of the trial court, and it has been repeatedly held that this Court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion by the trial court.[1] An abuse of discretion occurs when the evidence is insufficient to support a finding that the interest and welfare of the child will be best served by changing the custody of the child.[2]

The appellant contends that there was insufficient evidence to support the trial court's modification of the custody provision of the divorce decree. A review of the record reveals that no evidence was presented by the respondent other than Stephanie's and his desire that custody be transferred to him. The burden rests with the party seeking to have custody modified to show that there has been a material, permanent and substantial change in the circumstances of the parties which war-

1. I.C. § 32–705, Mast v. Mast, 95 Idaho 537, 511 P.2d 819 (1973); Bezold v. Bezold, 95 Idaho 131, 504 P.2d 404 (1972); Thomlinson v. Thomlinson, 93 Idaho 42, 454 P.2d 756 (1969); Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963).

2. Thomlinson v. Thomlinson, *Id.*, Larkin v. Larkin, *Id.*

rants modification for the best interest of the child.[3] The record and pleadings contain no evidence that there has been a material, permanent or substantial change in the conditions and circumstances of either party, and therefore the trial court abused its discretion and erred in ordering the custody of Stephanie to be transferred to the respondent.

During a recess in the hearing, the trial court interviewed Stephanie in-chambers without the presence of either party. The interview was not recorded, and it was not summarized by the trial court. The appellant argues that sufficient evidence must have been presented by Stephanie during the interview to warrant the trial court's modification of custody. However, there is no means for this Court to determine whether the in-chambers interview provided sufficient evidence to justify the trial court's decision. It is within the trial court's discretion to personally examine children in custody disputes out of the presence of their parents,[4] but if the interview is necessary to support the trial court's decision, it must be recorded.

The respondent also contends that there was sufficient evidence to support the trial court's modification of custody because Stephanie, who is no longer a child of tender years, desired the modification. A similar custody dispute is found in the case of Mast v. Mast. In that case the mother sought to have a divorce decree modified to grant her custody of her sixteen year old daughter who also desired the modification. It was held that,

"This Court has emphasized that the personal desires of the parent and even the wishes of a minor child, must yield to the paramount consideration of what is best for the child's ultimate good."[5]

The desires of the respondent and particularly Stephanie to modify her custody are to be considered, but are not controlling, and the trial court should be guided by the best interest and welfare of the child.

Since the record contains insufficient evidence warranting modification of custody, the trial court's order transferring Stephanie's custody to the respondent must be reversed. The action is remanded to the trial court to give the respondent the opportunity of presenting evidence showing that there has been a material, permanent and substantial change in the conditions and circumstances of the parties which warrants modification of custody.

Costs to appellant.

SHEPPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

---

3. Mast v. Mast, *supra,* note 1, Thomlinson v. Thomlinson, *supra,* note 1, Larkin v. Larkin, *supra,* note 1; Application of Anderson, 79 Idaho 68, 310 P.2d 783 (1957).

4. Thomlinson v. Thomlinson, *supra,* note 1; Lawson v. Lawson, 87 Idaho 444, 394 P.2d 1008 (1964); Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490 (1956).

5. 95 Idaho 537, 511 P.2d 819, 821 (1973); *See:* Thomlinson v. Thomlinson, *supra,* note 1; Larkin v. Larkin, *supra,* note 1.