532 P.2d 571

**Bonnie Jeanine ANNEST, Plaintiff-Respondent,**

v.

**James ANNEST, Defendant-Appellant.**

No. 11466.

Supreme Court of Idaho.

March 4, 1975.

Clark Gasser of Terrell, Green, Service & Gasser, Pocatello, for defendant-appellant.

T. V. Behm, Buhl, for plaintiff-respondent.

McFADDEN, Justice.

This appeal, taken by James Annest (defendant-appellant), is from orders of the trial court regarding the custody of the minor son of appellant and his former wife, Bonnie Jeanine Annest (plaintiff-respondent). The first order appealed from allowed the respondent to remove the child from the state of Idaho to be with her while studying for an advanced degree; the second order appealed from was one denying appellant's motion for new trial and his application for a stay of execution.

The principal issue presented by this appeal is simply whether the trial court erred in allowing the respondent mother to remove the parties' minor son outside the jurisdiction of this state without having first found from "clear and convincing" evidence that such change would be for the best interest and welfare of the child. It is the conclusion of this court that the orders appealed from must be reversed and the cause remanded for new trial for the reasons herein discussed.

Initially, Bonnie Jeanine Annest instituted an action for divorce against her husband, James Annest. This action culminated in a decree of divorce which recited that the parties had entered into an agreement concerning division of their property and custody of their child. The decree granted respondent a divorce and provided that the court incorporated the agreement of the parties into the divorce decree and awarded the care, custody and control of the minor child to the parties as provided in the agreement. The agreement concerning custody provides:

"Each of the parties is in all respects a fit and proper person to have the care, custody, control and education of the minor child, issue of said marriage, whose name is James Constantine Annest. It is, therefore, agreed that each shall retain full and equal rights to custody of said child. Unless otherwise agreed by the parties, the said child shall live with the wife, provided that the fact that the said child resides and lives with the wife shall not affect to any extent the husband's equal right to custody. During all times that said child resides with the wife, the husband agrees to pay to the wife for the care, support, maintenance and education of said child the sum of $60.00 per month until said child reaches his majority, is emancipated, becomes self-supporting, or dies. No support shall be paid for any period when said child shall reside with the husband."

■ Appellant subsequently moved for a change of custody, alleging there had been a substantial and material change in circumstances which rendered it in the best interests and welfare of the child to modify the decree to award him full custody of the child, subject to reasonable visitation rights by respondent. He alleged that the respondent intended to leave Idaho to attend college in North Dakota[1] and that she intended to take her son with her outside the jurisdiction of this state without respondent's approval and without any appropriate order of the court.

Respondent countered the allegations contained in the application for modification, and she also sought a modification of the decree seeking full care, custody and control of the parties' child, and an increase in support for her son.

The trial court heard testimony dealing with the issues framed by the parties' respective motions and subsequently entered its memorandum and order. The trial court found that both parties are fit and proper persons to have the care, custody and control, and education of the child; that each parent loved the child, and which affection was reciprocated by the child. The trial court then stated:

"The Court concludes that the best interests of the minor child would be served regardless of which party had

1. Subsequent to the taking of this appeal, counsel have stipulated that respondent moved to North Carolina, not North Dakota. However, this change in circumstances will not be considered on this appeal. Walter v. Potlatch Forest, Inc., 94 Idaho 738, 497 P.2d 1039 (1972).

physical custody of the child, so the Court must turn to the problem of how the parties themselves might best fulfill their parental obligations."

The trial court then found that each of the parties should have the physical custody of the child for a period of time each year, and for the mother to obtain any benefit from the custody she should have physical custody during the school year, and that the father (appellant) should have custody during the summer months, plus reasonable rights of visitation at other times, and be entitled to custody during one-half of each school term vacation that occurs. The trial court provided that costs of transportation of the child to and from the respondent should be at the expense of appellant. The trial court then entered its order in accordance with this determination.

Appellant contends the trial court erred in entry of this order, asserting that modification of the decree of divorce whereby the respondent was allowed to remove the child from the jurisdiction of this state was in error when "the evidence was not clear and convincing that such was for the best interest and welfare of the child." In a proper case this court has allowed a child upon application for a modification of a divorce decree to be removed from this state. Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000 (1941). In subsequent cases, however, this court has stated that removal of a child from this state in divorce proceedings or an application for modification of a decree should be granted "only where the welfare and best interests of the child clearly require it." Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756 (1969); Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963); Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479 (1956).

■ In the instant case the trial court was faced with a most difficult situation as to which of the parties should have custody of the child during the school year, and concluded that the best interests of the child would be served regardless of which party had physical custody of the child. The trial court then based its ultimate disposition on a determination of how the parties themselves might best fulfill their parental obligations. In this regard, the trial court was in error. Repeatedly this court has stated that in matters pertaining to the custody of children of divorced parents the welfare and best interest of the child is the primary, paramount and controlling consideration. Tomlinson v. Tomlinson, supra; Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); Bryant v. Bryant, 92 Idaho 76, 437 P.2d 29 (1968). The effect of this order was to grant custody of a minor child, not on the basis of a determination of what was in the best interests of the child, but on the basis of how best the parents might fulfill their parental obligation, and this is where the trial court erred.

■ One other point deserves consideration on this appeal. The appellant contends the trial court erred in not granting a stay of execution of the order it entered, after having filed a motion for such a stay. Under the provisions of I.C. § 13–211, further proceedings were stayed by the taking of the appeal and posting of an undertaking pursuant to I.C. § 13–203. Brookshier v. Hyatt, 91 Idaho 305, 420 P.2d 788 (1966).

The order of modification is reversed and the cause is remanded for a finding by the trial court as to best interests of the child. The trial court in its discretion is authorized to hear additional testimony.

Costs to appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.