537 P.2d 1019

**Marletta Phillips ENGLAND, Plaintiff-Respondent,**

v.

**Kenneth J. PHILLIPS, Defendant-Appellant.**

No. 11819.

Supreme Court of Idaho.

June 24, 1975.

Robert M. Kerr, Jr., of Kerr & Williams, Blackfoot, for appellant.

Robert C. Huntley, Jr., of Racine, Huntley & Olson, Pocatello, for appellee.

BAKES, Justice.

On March 17, 1973, the district court of Bingham County entered a decree granting a divorce to Marletta Phillips and Kenneth J. Phillips. Custody of their two children, Kenneth (born in 1968) and Julia (born in 1970), was awarded to the father subject to liberal visitation rights in the mother. The custody award was based upon findings by the trial court that the mother was emotionally unstable, that she had on occasion left the children alone and locked in their trailer home for several hours at a time, that she was attracted to other men and pursued relationships with them in bars and had intimate relations with men other than her husband. The court further found that the father was a concerned and interested parent, was capable of providing the children with a good home and "is in all ways a fit and competent person to have the custody and association of said children." The court declared that it would be in the best interest and welfare of the children that their care, custody and control be awarded to the father, subject to liberal rights of visitation with the mother.

On August 9, 1974, Marletta petitioned the court to modify the decree of divorce by asking that custody of the children be awarded to her. In a hearing held on October 10, 1974, Marletta presented evidence to show a change of her circumstances sufficient to justify a change in custody, *viz,* she had a good job with steady income, she had remarried and her husband, James England, also had a good income, and she had become much more emotionally stable and responsible in the years since the divorce had been granted. She further showed that the children's father Kenneth had also remarried and his present wife, Evelyn, had three children by a prior marriage who were living with Kenneth and Evelyn, and she claimed that in a household

of five children her own two children would receive less care and attention than she, Marletta, could give them. Marletta argued that as the natural mother of the Phillips children her own changed circumstances justified an award of custody to her.

Kenneth Phillips presented testimony concerning the good manner in which he had exercised his present custody of the children, and of the exemplary qualifications of his present wife as a mother. There was no dispute as to Kenneth's fitness as a father or the manner in which he had cared and provided for the two children since the original custody order.

In its memorandum opinion dated December 9, 1974, the trial court found that there had been a material and substantial change in conditions subsequent to the original decree and that it would be in the best interests of the children that custody be transferred to the mother. The changes cited included "the returned capacity of Marletta to be the good mother she once was, and her ability to now make a proper home for the children." The court also noted that "Kenneth's capacity and ability to care and provide a good home for the children is undoubted." Kenneth Phillips has appealed from the judgment amending the custody decree.

While the appeal was pending, appellant Kenneth Phillips filed a motion to supplement the appeal record to show that James England had divorced respondent Marletta Phillips England on the ground of irreconcilable differences. Attached to the motion was a certified copy of the decree of divorce, dated April 11, 1975. On oral argument, respondent objected to the supplementation, claiming that the appeal must be decided upon the record which was before the trial court. This motion was taken under advisement.

■ It is true that appellate courts rarely look outside the record to consider subsequent developments which may have a bearing on the appeal, Bedford v. Gem Ir-

rigation District, 51 Idaho 105, 4 P.2d 366 (1931), but this is not universally so. In Tryon v. Baker, 94 Idaho 222, 485 P.2d 964 (1971), this Court stated that it may "look to facts which arose after the entry of judgment or order appealed from and which are not incorporated in the record on appeal," 94 Idaho at 223, 485 P.2d at 965, when considering whether the appeal is moot. *See also* Abels v. Turner Trust Co., 31 Idaho 777, 176 P. 884 (1918).

The issue before us is analogous to the question of mootness and concerns the question of whether this Court may consider and judicially note a crucial change in the circumstances which brought about the modification of custody, which is clearly relevant to that decision, and which undermines the rationale of the trial court's decision. Because of the unique circumstances of this case and for the reasons discussed herein, we grant appellant's motion to supplement the record and remand for further proceedings.

The Supreme Court of California was confronted with a like issue in Sewell v. Johnson, 165 Cal. 762, 134 P. 704 (1913), an action by a creditor to set aside a fraudulent conveyance by his debtor. The defendant debtor appealed from the judgment finding the conveyance to be fraudulent. While the appeal was pending, the original judgment establishing the debt in favor of the creditor upon which the creditor based his fraudulent conveyance action was reversed. The appellant raised this issue in the same manner as has Kenneth Phillips, and asked the supreme court to take judicial notice of this development. In a well reasoned opinion, that court recognized that the primary basis for the respondent's asserted right had been destroyed by the reversal of that judgment. The other judgment was not a part of the same action, but was so closely related as to be crucial to the record. The defendant could not have included this information within the record at trial because the original judgment had not yet been reversed. The court allowed supplementation and

took judicial notice of the reversal and reversed the case before it. This case was cited with approval by the Idaho Supreme Court in Abels v. Turner Trust Co., *supra,* and has been followed in many subsequent cases in California. In one such case, Intl. Assn. of Cleaning & Dye House Workers v. Landowitz, 20 Cal.2d 418, 126 P.2d 609 (1942), the Supreme Court of California said:

"It is true that ordinarily an appellate court will review the action of the trial court as of the time when it was rendered, but where matters of which the court has judicial knowledge occur subsequent to the trial court's action and have the effect of destroying the basis for the plaintiff's cause of action, it has been held that the appellate court may dispose of the case upon those grounds." 126 P.2d at 611. (Citing Sewell v. Johnson, *supra*).

■ We think the foregoing analysis is applicable to this case. The record clearly establishes that a major factor in Marletta Phillips' changed circumstances, emotionally and financially, was her remarriage. The subsequent dissolution of that marriage is an uncontrovertible fact which would render advisory any opinion by this Court on the merits of that decision. The primary reason for the rule that appellate courts will confine themselves to the trial court record is the principle of *res judicata.* However, I.C. § 32–705 provides that a court may at any time vacate or modify a custody order, and this Court has held numerous times that there is no rule of finality in the determination of the right to custody. Embree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963); Smith v. Smith, 67 Idaho 349, 180 P.2d 853 (1947); Holden v. Holden, 63 Idaho 70, 116 P.2d 1003 (1941). Thus, since we are not bound by the principles of *res judicata* in this case, there is no compelling reason why we should not grant appellant's motion to supplement, take judicial notice of Marletta Phillips' divorce, I.C. § 9–101(3),[1] and remand the matter for further proceedings in the trial court.

Since the trial court will again be considering whether change of custody is in the best interests of the children under the circumstances, the issue is raised as to what are the proper standards to apply in the modification of custody decrees. The parties have urged varying approaches before this Court, but since we do not reach the merits of this appeal we need not determine whether the standard applied by the trial court was correct. We note, however, that this Court set forth the pertinent considerations in proceedings for modification of custody in Tomlinson v. Tomlinson, 93 Idaho 42, 454 P.2d 756 (1969), in circumstances very similar to those of this case.

Respondent's motion for attorney fees is denied. Reversed and remanded. Costs to appellant.

McQUADE, C. J., and DONALDSON and SHEPARD, JJ., concur.

McFADDEN, J., dissents without opinion.

---

1. "9–101. *Facts Judicially Noticed.*—Courts take judicial notice of the following facts:
. . . . . . . . .

(3) Public and private official acts of the legislative, executive and judicial departments of this state and of the United States.
. . . . ."