542 P.2d 1176

Susan PRESCOTT, Plaintiff-Appellant,

v.

Thomas Gene PRESCOTT, Defendant-Respondent.

No. 11780.

Supreme Court of Idaho.

Nov. 28, 1975.

John C. Hepworth, Hepworth, Nungester, Felton & Hart, Buhl, for plaintiff-appellant.

Frank M. Rettig, of Rettig & Fredericksen, Jerome, for defendant-respondent.

## McFADDEN, Justice.

Defendant-respondent Thomas Prescott moved the district court to modify its original decree of divorce granted to plaintiff-appellant Susan Prescott, seeking to have the physical custody of the couple's two minor children awarded to him. The appellant appealed from an order granting the respondent's motion. We affirm.

The appellant and the respondent were divorced early in 1972, ending an eight-year marriage during which two girls were born. The decree of divorce granted both parties joint custody of the children, awarded the appellant actual physical custody of both girls, and required the respondent to make monthly support payments of $175.00 for each child. The decree also permitted the appellant and the children to live in Italy for two years, until February, 1974. The entire family had lived in Italy during the marriage for two and one-half years. The appellant and the girls lived there again after the divorce until July, 1974, when they returned to the United States. When the appellant failed to return with the children within the specified two years, the respondent moved the district court to modify the decree of divorce on the grounds that the conditions and circumstances surrounding the parties and the children had materially and permanently changed and that it would be in the best interests of the children that their physical custody be awarded to him. The appellant countered with a motion to modify the decree to remove any residency restrictions and to increase the child support payments.

On the basis of testimony received at the modification hearing, the district court made numerous findings of fact pertinent to the alleged changes in conditions and circumstances of the parties subsequent to the divorce decree, which may be summarized as follows: The respondent has an adequate home, located in a good residential area, in which to care for his daughters. The respondent has an adequate income to provide material advantages for the girls and he has married a woman who is able and willing to devote her love and entire time and attention to the girls. They also will be within a short distance of good schools. The appellant violated the original divorce decree by failing both to obtain the university education for herself [1] as she had promised the court and to return the children to this country within two years. The appellant indicated that she desired to continue to reside in Italy and to keep the girls in school there. Several findings of fact related to the conditions under which the appellant and the children lived in Italy: They resided in an area in which no American children lived. The girls attended schools in which they were educated under Italian laws and traditions and were not exposed to American influences. The appellant could have found employment coinciding with the chil-

---

1. The record discloses that the appellant sought to take the children to Italy to be with her while she furthered her education.

dren's school hours, but instead chose employment which required her to work afternoons and evenings and which provided no greater earnings than other employment. The result was that she was able to spend relatively little time with the children and that the primary responsibility for raising the children rested with a young woman who lived with the family and whom the appellant supervised and directed. The district court also found certain instances of questionable attention to the children.

Based on its findings, the district court concluded that a material, permanent, and substantial change in the circumstances of the parties had occurred, a change which substantially and materially affected the best interests and welfare of the children. The court therefore concluded that the respondent's home would be more conducive to the best interests and welfare of the children than would that of the appellant, and modified the decree of divorce to award the respondent the care, custody, and control of the two children. The granting of the respondent's motion resulted in the denial of the appellant's motion concerning child custody and for additional support payments. The respondent then took physical custody of the two girls.

The appellant thereafter filed a motion for reconsideration, a motion for a new hearing and opportunity to introduce additional evidence, and a motion to have the physical custody of the children returned to the appellant until such time as she exhausted all appeals. The district court in an order denied each of these three motions and in an amended modification order reiterated the essential provisions of the earlier modification order. Susan Prescott appealed from the orders modifying the decree of divorce and the order denying her post-hearing motions.

The appellant's primary contention on appeal is that the respondent did not demonstrate an adequate change of circumstances to justify the modification of the original decree to award the custody of

the minor children to the respondent. A review of the evidence and the court's findings convinces us that the appellant's argument is without merit. This conclusion necessarily is based upon the application of long-recognized principles of law relating to child custody. Assuring the best interests and welfare of a minor child is the paramount principle guiding a court in any custody proceeding, whether it is the initial disposition or one in which a modification is sought. *Mast v. Mast,* 95 Idaho 537, 511 P.2d 819 (1973); *Bezold v. Bezold,* 95 Idaho 131, 504 P.2d 404 (1972); *Tomlinson v. Tomlinson,* 93 Idaho 42, 454 P.2d 756 (1969); *Saviers v. Saviers,* 92 Idaho 117, 438 P.2d 268 (1968); *Parks v. Parks,* 91 Idaho 420, 422 P.2d 618 (1967). A court may not modify an initial award of custody unless a material, permanent, and substantial change in the conditions and circumstances of the parties has occurred subsequent to the entry of the initial decree. *Miller v. Miller,* 96 Idaho 10, 523 P.2d 827 (1974); *Mast v. Mast,* supra; *Adams v. Adams,* 93 Idaho 113, 456 P.2d 757 (1969); *Tomlinson v. Tomlinson,* supra. The party seeking the modification bears the evidentiary burden of demonstrating such a change. *Strain v. Strain,* 95 Idaho 904, 523 P.2d 36 (1974); *Mast v. Mast,* supra; *Tomlinson v. Tomlinson,* supra; *Larkin v. Larkin,* 85 Idaho 610, 382 P.2d 784 (1963). The decision as to the disposition of a minor child, including requests for custodial modification, is in the discretion of the trial court and, unless such discretion is abused, this court will not disturb that judgment on appeal. *Strain v. Strain,* supra; *Mast v. Mast,* supra; *Adams v. Adams,* supra; *Tomlinson v. Tomlinson,* supra; *Dawson v. Dawson,* 90 Idaho 234, 409 P.2d 434 (1965); *Jeppson v. Jeppson,* 75 Idaho 219, 270 P.2d 437 (1954). An abuse of discretion occurs in a custody proceeding only when the evidence is insufficient to support a finding that the best interests and welfare of a minor child will be served by changing custody. *Strain v. Strain,* supra; *Tomlinson v.*

*Tomlinson,* supra; *Larkin v. Larkin,* supra.

█ No abuse of discretion occurred in the district court's disposition of the custody of the children in the case at bar The court made specific findings of fact upon which it predicated its conclusion that a material, permanent, and substantial change in the conditions and circumstances had taken place, a change which justified a modification serving the best interests of the two girls. Idaho Rule of Civil Procedure 52(a) specifies that findings of fact shall be set aside only when clearly erroneous. The special deference accorded the findings of fact of the court below is a recognition of the special opportunity of the lower court to assess the credibility of the witnesses in the proceeding there. I.R.C.P. 52(a). The findings of fact in the instant case are based on sufficient, competent evidence, adduced at the modification hearing, and thereby meet the requirements of I.R.C.P. 52(a). The evidence regarding alleged maternal neglect of the children was conflicting, but such a conflict was for resolution by the district court. This court will not disturb on appeal the findings of a district court when they are grounded on substantial and competent evidence, despite the presence of a conflict in the evidence. *Isaguirre v. Echevarria,* 96 Idaho 641, 534 P.2d 471 (1975); *Mast v. Mast,* 95 Idaho 537, 511 P.2d 819 (1973); *Clements v. Clements,* 91 Idaho 732, 430 P.2d 98 (1967). Even more directly apposite to the case at bar, this court repeatedly has ruled:

> "[W]hen the trial court finds from sufficient, though conflicting evidence that the welfare of a child of tender age will best be served by awarding his custody to his father, such determination will not be disturbed on appeal."

*Parks v. Parks,* 91 Idaho 420, 422, 422 P.2d 618, 620 (1967); *Lawson v. Lawson,* 87 Idaho 444, 394 P.2d 1008 (1964); *Rogich v. Rogich,* 78 Idaho 156, 299 P.2d 91 (1956); *Jeppson v. Jeppson,* 75 Idaho 219, 270 P.2d 437 (1954); *Olson v. Olson,* 47 Idaho 374, 276 P. 34 (1929).

█ In her challenge to the respondent's demonstration of a material, permanent, and substantial change which would justify custodial modification, the appellant also argued against the court's consideration of the respondent's remarriage and of the appellant's disobedience of the original divorce decree by her late return from Italy. The evidence concerning both issues is undisputed. A court may consider the remarriage of one of the parties in a change of custody proceeding along with other factors and changes of circumstances, even though it is not controlling in itself. *Riener v. Riener,* 93 Idaho 900, 477 P.2d 841 (1970); *Peterson v. Peterson,* 77 Idaho 89, 288 P.2d 645 (1955); 27B C.J.S. *Divorce* § 317(2)f (1959). A court similarly may consider a party's deliberate defiance of a court decree. *Riener v. Riener,* supra; *Kalousek v. Kalousek,* 77 Idaho 433, 293 P.2d 953 (1956); *Thurman v. Thurman,* 73 Idaho 122, 245 P.2d 810 (1952). It is emphasized that while a court may consider these factors along with all others, they are not in themselves controlling.

█ The appellant further argued that the respondent must meet the burden of clearly demonstrating the appellant's unfitness as a mother before he can receive custody of these young girls. However, the interests and welfare of a minor child, not the unfitness of the mother, guide the award of custody. *Bezold v. Bezold,* 95 Idaho 131, 504 P.2d 404 (1972).

█ Language exists in previous decisions of this court which would suggest a preference for the mother as custodian of children of tender age, but only when all other considerations are equal. *Parks v. Parks,* 91 Idaho 420, 422 P.2d 618 (1967); *Brashear v. Brashear,* 71 Idaho 158, 228 P.2d 243 (1951). The district court in the instant proceeding made findings which demonstrate that the considerations regarding the appellant and the respondent were not equal and, therefore, the preference is inapplicable.

█ Having concluded that the district court was justified in its custodial

modification based on evidence presented at the hearing, this court must consider whether the district court erred in denying the appellant's post-hearing motions by which she sought to reopen the proceeding. The district court retains continuing jurisdiction to modify the decree of custody whenever required by changed circumstances to insure the best interests and welfare of the children. I.C. § 32–705; *Parks v. Parks*, 91 Idaho 420, 422 P.2d 618 (1967). The instant award of custody to the respondent therefore is not final because no rule of finality exists in the determination of the right to custody. *England v. Phillips*, 96 Idaho 830, 537 P.2d 1019 (1975); *Embree v. Embree*, 85 Idaho 443, 380 P.2d 216 (1963); *Smith v. Smith*, 67 Idaho 349, 180 P.2d 853 (1947); *Holden v. Holden*, 63 Idaho 70, 116 P.2d 1003 (1941). The appellant's post-hearing motions demonstrate that she sought to introduce evidence regarding changes which occurred subsequent to the district court's award of custody to the respondent. She still may do so by seeking a modification of that award.

■■■■ The appellant finally argued that the district court erred in failing to restore custody of the children to her during her appeal of the modification order. This assignment of error is without merit. The respondent took physical custody of the children subsequent to the order of the district court and before the appellant perfected her appeal. To require that the girls be returned to their mother after they

had been placed with their father would have created another trauma of moves and adjustment for them. The children were with the respondent at the time the appeal was taken; in ordinary circumstances, custody should remain with the party so entrusted at the time of the appeal, thereby preserving the status existing at that time. Idaho Code section 13–211 provides the appellant no support; that section provides that the perfecting of an appeal by giving the undertaking pursuant to I.C. § 13–203 stays further proceedings in the court below. *Annest v. Annest*, 96 Idaho 566, 532 P.2d 571 (1975). The change in physical custody in the instant case occurred before the appeal was taken and was not a further proceeding which could be stayed. Other courts also have held that an appeal preserves the status existing at the time of the appeal. *Sakraida v. Sakraida*, 192 Or. 217, 217 P.2d 242 (1950); *Bailey v. Superior Court*, 97 Ariz. 293, 399 P.2d 907 (1965), *quoting Application of Lavis*, 96 Ariz. 316, 394 P.2d 655 (1964), *and Gotthelf v. Fickett*, 37 Ariz. 413, 294 P. 837 (1930); *In re De Lemos*, 143 Cal. 313, 76 P. 1115 (1904); *Foster v. Foster*, 5 Cal.2d 669, 55 P.2d 1175 (1936), *quoted in Ex parte Barr*, 39 Cal.2d 25, 243 P.2d 787 (1952); *Lerner v. Superior Court*, 38 Cal. 2d 676, 242 P.2d 321 (1952).

The orders are affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.