576 P.2d 204

**Mary Francis RIFE, Plaintiff-Respondent,**

v.

**Dal Curtis RIFE, Defendant-Respondent,**

and

**Guy R. Harris and Charlotte Harris, Intervenors-Appellants.**

**No. 11885.**

Supreme Court of Idaho.

March 21, 1978.

Graydon W. Smith, Boise, for intervenors-appellants.

Ellison M. Matthews, Boise, for respondent Mary Francis Rife.

James B. Lynch and Don McClenahan, Boise, for respondent Dal Curtis Rife.

DONALDSON, Justice.

Mary Francis Rife, plaintiff-respondent, and Dal Curtis Rife, defendant-respondent, were married in 1962. One child, Patrick Rife, was born of this marriage. In 1971 the couple were divorced. The judgment and decree of divorce awarded Mr. Rife custody of Patrick and provided general visitation rights to Mrs. Rife and to the child's paternal and maternal grandparents.

In 1972 Mr. Rife remarried. Thereafter, in December 1972, Mrs. Rife filed a petition for modification of the divorce decree asking for custody of Patrick. In August 1973, the intervenors-appellants, Guy and Charlotte Harris (Patrick's maternal grandparents), filed an intervenor's petition. The petition alleged child abuse by Mr. Rife and his new wife and also sought custody of Patrick. On July 3, 1974, after numerous hearings, the district court entered findings of fact and conclusions of law and an order modifying the original decree. In its findings of fact and conclusions of law issued on July 3, 1974, the district court found that although there had been no child abuse, Patrick had been overdisciplined. The order provided that the award of permanent custody to the father, Mr. Rife, be modified to temporary custody and that Mrs. Rife and her parents, the Harrises, have general visitation rights, to be exercised jointly. The visitation rights were to be supervised by an individual from the Juvenile and Probation Department of the District Court. On July 11, 1974, the district court entered an order granting Mr. Rife the right to reopen the modification hearing and to present evidence on the advisability of divided custody or extended visitation. Further testimony was presented on January 7, 1975 concerning custody. On January 14, 1975 the district court entered supplemental findings of fact and conclusions of law. The district court's findings of January 14 stated that:

> There was no proof by a preponderance of the evidence of any physical abuse towards the child by Dal Curtis Rife or

his wife, Kathe Rife, shown at the hearing.

The district court also concluded that it was in Patrick's best interests to award permanent custody to Mr. Rife and to limit the Harrises' visitation rights. On January 20, 1975 the district court entered a final order concerning custody and visitation rights embodying the findings of fact and conclusions of law of January 14.

The Harrises appeal the findings of fact and conclusions of law entered on January 14, 1975 and the order entered on January 20, 1975. The Harrises' contention on appeal is that the district court erred by failing to find that Patrick was being abused by Mr. Rife and his second wife and by awarding Mr. Rife permanent custody of Patrick.

An outline of the voluminous record and evidence in this case, which constitutes some 1,500 pages of transcript, is not warranted. During the course of the lengthy hearings held in district court, numerous lay and expert witnesses testified concerning the issues of custody and child abuse. At the conclusion of these hearings and evidence, the district court determined that the best interests of the child, Patrick, would be served by awarding Mr. Rife permanent custody and by limiting the Harrises' visitation rights. The district court also concluded that child abuse was not shown by a preponderance of the evidence.

This Court has consistently held that findings of fact supported by substantial and competent evidence will not be disturbed on appeal. *Prescott v. Prescott*, 97 Idaho 257, 542 P.2d 1176 (1975). The district court's finding that there was no child abuse was supported by substantial and competent evidence and hence will not be disturbed.

Regarding the question of child custody, this Court has stated:

Questions of child custody are within the discretion of the trial court, and it has been repeatedly held that this court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion by the trial court.

*Strain v. Strain*, 95 Idaho 904, 905, 523 P.2d 36, 37 (1974). A review of the record in this case reflects no abuse of discretion by the district court regarding its award of child custody.

The decision of the district court is affirmed. Costs to respondent.

SHEPARD, C. J., and McFADDEN and BAKES, JJ., concur.

BISTLINE, Justice, concurring.

I am not able to agree that the trial court's finding of no proof of child abuse is sustained by the record. Characterization of the excessive mistreatment of the boy as "over discipline" is an understatement. Nothing is to be gained, however, by detailing the physical abuse to which the child was subjected. That the trial court was concerned with the degree of "over discipline" is objectively manifested by his imposition of supervision. It is apparent to me that what the trial court had in mind was to impress upon the boy's father and stepmother the error of their ways, and to aim them in a better direction. Three years have gone by since the trial court vested custody in the father, and it is on that basis that I vote to affirm the decree entered below.

The final decree gives the grandparents visitation rights, and with this appeal out of the way, they should be able to make arrangements to become reacquainted with their grandchildren, and also to thereby satisfy themselves as to the improvement in the care of the boy which the course of action taken by the trial court surely should have brought about.