HORTON, J., concurring in part and dissenting in part. I join in the Court’s conclusion that Father demonstrated a substantial, material and permanent change in circumstances. However, I respectfully dissent from the Court’s determination that the magistrate abused its discretion when it determined that modification of the custody arrangement was in Child’s best interests. This Court has traditionally recognized that trial courts have “broad discretion” in child custody determinations. See, e.g., Brashear v. Brashear, 71 Idaho 158, 163, 228 P.2d 243, 246 (1951). We have afforded “special deference” to best interests findings in “recognition of the special opportunity of the lower court to assess the credibility of the witnesses in the proceeding there.” Prescott v. Prescott, 97 Idaho 257, 261, 542 P.2d 1176, 1180 (1975). In my view, this Court has simply considered the same facts as did the magistrate and reached a different conclusion. If the standard of review was de novo review of the magistrate’s decision, I would not hesitate to join with the Court. I do not, however, believe that Mother has demonstrated that the magistrate court abused its discretion when it modified the custody arrangement.